In the United States District Court for the Southern District of Indiana, Terre Haute Division

William Mabie
PETITIONER

V

United States Marshals Service,
Alton City Jail,
Saint Louis Metropolitan Police,
RESPONDENTS

2:18-cv-0216 T.B.A, RLM-DLP

FILED
MAY 03 2018
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## Freedom of Information Act Enforcement Suit

Comes now petitioner, acting PRO SE, requesting Court to order above named Parties to comply with 5 USCS 552, Federal Freedom of Information Act.

I.

⇔35831-044⇔
U S Marshal Service
Freedom of Information
C G-3 15th Floor
Washington, DC 20530-0001
United States

United States Marshals
750 Missouri Avenue
East Saint Louis IL 62201

Alton City Jail
1700 E. Broadway
Alton IL 62022

Saint Louis Metropolitan Police Department
3157 Sublette
Saint Louis MO 63139

II Requested Material

A. United States Marshal Service

On or about January 15, 2018 petitioner made written request under 5 USC 552 to U.S.M.S. Liaison for FOIA requests, 950 Pennsylvania. Previously petitioner had made requests to USMS 750 Missouri Ave, E. St. Louis IL, as of this date 4/19/18 there has been no response, well over 20 days.

Material requested, was general information of the recovery capability of the video surveillance system at 750 Missouri Ave, and what firm, contact info of the business that installed said system.

The installation contract, and performance requirements are public information, as open bid projects. SDUSM testified in open court of this system on 4/3/15.

The USMS withheld video of a 3/12/15 beating of petitioner, by DUSM Donald Berry, and refused to name company. In case 30076MJR court added 8½ years as Marshal Berry portrayed he had "hurt his hand" while beating petitioner.

There can be no greater need for this information. This type of use is no doubt why 5 USC 552 came to be. As already testified there is no "security" concerns of its performance or retrieveability. Court should order information produced forthwith.

B. Alton City Jail

Alton City Jail (ACJ) does fall under the Federal Freedom of Information Act, as a Federal Facility by fact that ACJ is under contract with USMS to house pre-trial Federal detainees.

On 3/12/15 a Deputy United States Marshal (DUSM) called ACJ between 1:30 pm and 3:30 pm. This was done to portray the DUSM beating of petitioner as a fight between petitioner and Billy Joe Merchant. Such call was verified to have taken place by ACJ staff "Rob".

On or about 1/15/18 petitioner sent ACJ a request for recording of the 3/12/15 call, and of a call by SDUSM Woods, to ACJ on 4/2/15. Woods testified in Federal Court on 4/3/15 that call had taken place, all calls are recorded.

But Woods also claimed, falsely, that call of 3/12/15 would be "unduly arduous" as ACJ would have to "listen" to "thousands of calls".

ACJ Sgt. Cramer stated that USMS told ACJ NOT to turn over 3/12/15 call - except by Court order. To prove falsity of SDUSM Woods assertion, ACJ then located and produced 3 calls of petitioner to lawyer Dan Schattnik. Calls are on a digital system, and can be reproduced in minutes, as is required by contract between ACJ and USMS.

As same sentencing enhancement mentioned in A. rests on these calls, the need is great, and petitioner has met statutory demands

C. Saint Louis Metropolitan Police Department (S.L.M.P.D.)

On or about January 20, 2018 petitioner sent F.O.I.A. request to Custodian of Records, 3157 Sublette, St. Louis MO. As with A. & B., we are well beyond 20 day response time.

Requests were made for the geographical assignment of Lt./Captain Michael Deeba Sr.

S.L.M.P.D. is under F.O.I.A. as officers are "detailed in part" to F.B.I., S.L.M.P.D. receives Federal funds, and Deeba claimed Federal protection in Federal Court.

Deeba portrayed to Warden Charles Daniels on 3/29/13 to be commander of 3157 Sublette. Deeba on 12/10/14 swore no contact for 3157 Sublette. So, information is not confidential.

Petitioner maintains that Deeba was supervisor of Det. Josh Wenstrom. As supervisor petitioner had the right to complain of Wenstrom non-performance, to Deeba.

Petitioner has the right to know by statute, and as victim of crime - Wenstrom was supposed to investigate a theft of 25K of petitioner property and refused to do so.

There is no possible public benefit in secrecy of simple chain of command.

Court should order all above to produce without delay.

Motion to Proceed In Forma Pauperis

Petitioner is without funds, and has been for over a year. Petitioner is housed in Federal Correctional Institution, Terre Haute IN 47808, without employment. Petitioner found indigent by U.S.S.C., January 2018, case 17-7935

I swear under penalty of perjury all statements herein to be true   William Mabie
4/19/18.

Jurisdictional Statement

Petitioner housed in F.C.I. Terre Haute, which is in Southern District of Indiana

Certificate of Service

Copies sent to respondents, placed in Institution mail this date 4/19/18
William Mabie