UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM MABIE,

    Plaintiff,

v.

UNITED STATES MARSHAL'S SERVICE,
ALTON CITY JAIL and SAINT LOUIS
METROPOLITAN POLICE,

    Defendants.

Case No. 18-cv-1276-JPG-SCW

# MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff William Mabie's "Motion for Recusal of District Judges" from this action, which he brings under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Doc. 16). As the undersigned District Judge is the only District Judge assigned to this case, the Court construes the motion as seeking recusal of this judge alone. Mabie believes recusal is advisable because, in the only remaining claim in this case, he seeks information under FOIA in connection with an alleged beating he received from a Deputy United States Marshal which is factually related to his criminal conviction for assaulting that deputy. His FOIA request seeks records from the United States Marshals Service ("USMS") about video surveillance systems in the East St. Louis courthouse.[1] He suggests there would be the appearance of impropriety were this judge to hear his case.

Requests for recusal based on the appearance of impropriety are governed by 28 U.S.C. § 455(a), which states, "Any justice, judge, or magistrate of the United States shall disqualify

---

[1] It appears Mabie seeks this information in an effort to challenge a prior conviction. The Court will not, however, construe the pending motion as under 28 U.S.C. § 2255 even though it is part of an effort to overturn that conviction. "A FOIA action seeking access to documents does not implicate the plaintiff's conviction and is not a request for 'present or future release' which is the 'core [of] habeas corpus relief.'" *United States v. Terry*, 500 F. App'x 519, 520 n.2 (7th Cir. 2013) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); further internal quotations omitted).

himself in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

"Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified. *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Each occasion to consider recusal must be evaluated on its own facts and circumstances. *Nichols*, 71 F.3d at 351. Doubts about whether recusal is required, however, should be resolved in favor of recusal. *Hart*, 796 F.2d at 980; *Nichols*, 71 F.3d at 352.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980-81 (7th Cir. 1986); *Nichols*, 71 F.3d at 351. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (internal quotations omitted). The Court is also mindful that the statute is not a judge-shopping device. *Nichols*, 71 F.3d at 351; *Hook*, 89 F.3d at 354.

Mabie has not asserted anything that would cause a well-informed, thoughtful observer to question the undersigned judge's impartiality.  The undersigned judge has no personal knowledge of any of the facts or the information Mabie seeks from the USMS, generally does not work in the East St. Louis courthouse, was not involved in any way in Mabie's prior cases, and has no connection to the USMS other than the general fact that the USMS provides security and other law enforcement services in connection with the Court.  No reasonable observer could question the Court's impartiality in a FOIA lawsuit against the USMS simply because the USMS generally performs functions for the Court.  In fact, every federal court in the nation would face the identical situation because the USMS serves all courts, yet Courts routinely hear cases involving the USMS and decide them without any hint of partiality.  This is simply not enough to justify recusal of the undersigned judge.

For this reason, the Court **DENIES** Mabie's motion for recusal under § 455(a) (Doc. 16).

**IT IS SO ORDERED.**
**DATED:  July 10, 2018**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**