UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM MABIE,

    Plaintiff,

v.

UNITED STATES MARSHAL'S SERVICE,
ALTON CITY JAIL and SAINT LOUIS
METROPOLITAN POLICE,

    Defendants.

Case No. 18-cv-1276-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff William Mabie's motions (Docs. 15 & 23) to reinstate two parties—the Alton City Jail ("Alton Jail") and the St. Louis Metropolitan Police Department ("St. Louis PD")—dismissed by District Judge Robert L. Miller, sitting by designation in the Southern District of Indiana, before he transferred the case to this district (Doc. 10). Judge Miller dismissed the parties from this action under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on the grounds that they are not "agencies" subject to the FOIA as that term is defined in 5 U.S.C. § 551(1). Mabie does not really argue that the Alton Jail and the St. Louis PD are *bona fide* federal agencies, but he argues that they should be deemed federal agencies because of their connections with the federal government.

The FOIA only applies to federal agencies. It defines an "agency" by reference to 5 U.S.C. § 551(1) ("'agency' means each authority of the Government of the United States. . ." with certain enumerated exceptions), and it specifically includes within this definition "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f).

Entities like state or local governments that do not fall within this definition are not "agencies" subject to the FOIA. *See Lathrop v. Juneau & Assocs., Inc. P.C.*, 220 F.R.D. 322, 327 (S.D. Ill. 2004) (noting "the Federal FOIA does not apply to state governments"); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443 (S.D. Ind. 2003) ("The term 'agency' in the FOIA does not apply to municipal agencies such as [Indianapolis Police Department] or its officers."); *McClain v. United States Dep't of Justice*, No. 97 C 0385, 1999 WL 759505, *2 (N.D. Ill. Sept. 1, 1999) (state agencies not subject to the FOIA), *aff'd*, 17 Fed. App'x 471 (7th Cir. 2001); *Moreno v. Curry*, No. 06-11277, 2007 WL 4467580, at *1 (5th Cir. Dec. 20, 2007) ("FOIA, by its terms, does not apply to state or municipal agencies."). It is clear that the Alton Jail and the St. Louis PD do not fall within the definition of "agency" in the FOIA, 5 U.S.C. § 552(f).

Mabie suggests that the Alton Jail and the St. Louis PD can be deemed to be federal agencies because of their connections with the federal government. Specifically, Mabie asserts that Detective John Anderson of the St. Louis PD has sworn to being a federal agent. He also asserts that the St. Louis PD receives federal funding, makes federal arrests and is involved in federal prosecutions. He further asserts that the Alton Jail solely houses federal detainees pursuant to a contract with the United States Marshals Service, a federal agency. However, simply receiving funds from or working with the federal government does not convert an entity into a federal agency for purposes of the FOIA. *Forsham v. Harris*, 445 U.S. 169, 170, 180 (1980) (grantees not converted to government agencies "absent extensive, detailed, and virtually day-to-day supervision" by federal government). As a consequence, state or local governments are not subject to the FOIA just because they receive grants or other funds from the federal government or work with the federal government.

Mabie also asserts that the St. Louis PD has agreed that it is subject to the FOIA and cites

to an Eighth Circuit case, *Mabie v. United States*, No. 14-3449, in support of that assertion. The Court has reviewed the docket in that case, a motion for leave to file a second or successive petition under 28 U.S.C. § 2255, and has found no evidence of any agreement that the St. Louis PD is subject to the FOIA. Nor has he pointed to any caselaw suggesting an entity's consent could actually subject it to the FOIA.

In sum, Mabie has alleged no facts plausibly suggesting that the Alton Jail or the St. Louis PD are, or should be deemed to be by virtue of detailed federal oversight, federal agencies subject to the FOIA. Consequently, Judge Miller was correct to dismiss them from this FOIA action. Accordingly, the Court **DENIES** Mabie's motions to reinstate those defendants (Docs. 15 & 23).

The Court further notes that Mabie states in his first motion to reinstate parties, "SHOULD COURT FAIL TO REINSTATE [St. Louis PD] AND [Alton Jail], THEN CONSIDER THIS MY NOTICE OF APPEAL" (Doc. 15). Since the Court has declined to reinstate the St. Louis PD and the Alton Jail, the Court **CONSTRUES** Mabie's statement as a notice of appeal of this order and **DIRECTS** the Clerk of Court to docket that appeal as of today's date. However, because this order is not properly appealable before the conclusion of the entire case, *see* 28 U.S.C. §§ 1291 & 1292, this Court does not lose jurisdiction to proceed on the remaining claims in this case, which it will do. *See Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (finding the appeal of a non-appealable order does not deprive the district court of jurisdiction to continue with the case).

**IT IS SO ORDERED.**
**DATED: September 14, 2018**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**