UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MABIE,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHAL'S SERVICE, ALTON CITY JAIL and SAINT LOUIS METROPOLITAN POLICE,<br><br>      Defendants. | Case No. 18-cv-1276-JPG-RJD |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on the cross-motions for summary judgment filed by plaintiff William Mabie (Doc. 44) and defendant United States Marshals Service ("USMS") (Doc. 46). The parties have responded to the respective motions (Docs. 48 & 50).

**I.    Background**

Mabie brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He alleges that the USMS has not complied with FOIA in response to his request for records about a 2014 upgrade to the video surveillance and recording system in the East St. Louis federal courthouse, the Melvin Price Federal Building and U.S. Courthouse ("ESL Courthouse"). He specifically requested:

> a description of the system (E.G., HEWLETT PACKARD 20G BOSCH DIGITAL CAMERAS) and the name of the contractor/company that installed this system, and the recording performance, and gaurantee [sic] of reliability—PER CONTRACT. EXAMPLE: JOE CAMERA, BELLEVILLE IL, 10 FRAME PER SECOND, AUTO TRANSFER TO DVD, AUTO STORE, D.A.T. TO CLOUD SERVER, 10 gears recorded.

Pl.'s FOIA Request 1 (Doc. 46-1 at 8).

## II. Summary Judgment Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a well-supported summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific evidence to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not

demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

## III. FOIA

In deciding the pending motions, it is helpful to start with an understanding of the FOIA.

### A. Purpose

The Seventh Circuit Court of Appeals has described FOIA generally:

> "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L.Ed.2d 159 (1978). Toward that end, FOIA provides that agencies "shall make . . . records promptly available to any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules." 5 U.S.C. § 552(a)(3)(A). The Act is "broadly conceived," and its "basic policy" is in favor of disclosure. *Robbins Tire,* 437 U.S. at 220, 98 S. Ct. 2311. Agencies are, however, permitted to withhold records under nine statutory exemptions and three special exclusions for law-enforcement records. *See* 5 U.S.C. § 552(b)-(c).

*Rubman v. U.S. Cit. & Imm. Servs.*, 800 F.3d 381, 386 (7th Cir. 2015). In creating the exemptions to FOIA disclosure, "Congress sought 'to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting H.R. Rep. No. 1497, 89th Cong., 2d Sess., 6 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2418, 2423).

To establish a cause of action under FOIA, a plaintiff must show that, in response to a valid FOIA request, "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"

3

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).

B.  Search for Records

Agency records may be found to be improperly withheld if the agency failed to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Rubman v. U.S. Cit. & Imm. Servs.*, 800 F.3d 381, 387 (7th Cir. 2015) (internal quotations omitted). The agency need not search all of its record systems, but only systems where responsive information is likely to be found, although it should explain why it believes such limits are reasonable. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "Good faith is presumed . . ., and it can be bolstered by evidence of the agency's efforts to satisfy the request." *Rubman*, 800 F.3d at 387 (internal citation omitted). At the summary judgment stage, such information normally comes in the form of a "reasonably detailed nonconclusory affidavits submitted in good faith." *In re Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992).

A plaintiff may overcome the presumption of good faith by presenting "countervailing evidence as to the adequacy of the agency's search." *Rubman*, 800 F.3d at 387; *see Carney v. U.S. Dep't of Justice ("DOJ")*, 19 F.3d 807, 813 (2d Cir. 1994) (bare allegations and speculation insufficient to overcome presumption). Importantly, "[t]he issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *In re Wade*, 969 F.2d at 249 n. 11 (emphasis in original); *accord Rubman*, 800 F.3d at 387.

C.  Exemptions

Records may also be found to be improperly withheld if the agency misapplies a statutory

4

exemption. *See, generally, Solar Sources, Inc. v. United States*, 142 F.3d 1033 (7th Cir. 1998) (reviewing the application of certain exemptions). As with the question of the adequacy of a search, to satisfy its burden of showing an exemption applies, the agency must "provide detailed justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing." *Antonelli v. DEA*, 739 F.2d 302, 303 (7th Cir. 1984). "[T]he agency has the initial burden of demonstrating why it should not disclose the information." *Antonelli v. FBI*, 721 F.2d 615, 617 (7th Cir. 1983) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)). If the agency meets its burden and there is a public interest in disclosure, the Court will balance the agency's reasons for withholding documents against that public interest. *Antonelli v. FBI*, 721 F.2d at 617.

The statutory exemptions relevant to this case are commonly known as Exemptions 7(E) and 7(F). Those provisions exempt the following from disclosure:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual. . . .

5 U.S.C. § 552(b)(7).

An agency may waive an otherwise valid assertion of a FOIA exemption if it has already "officially acknowledged" the information or the information is in the "public domain." *Davis v. U.S. DOJ*, 968 F.2d 1276, 1279 (D.C. Cir. 1992); *see Cottone v. Reno*, 193 F.3d 550, 554, (D.C. Cir. 1999) (noting that "materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record."). To count as officially disclosed, the information must have come from the agency to which the FOIA

request is directed. *Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999). To establish information as in the public domain, the FOIA requester bears the burden of "point[ing] to specific information in the public domain that appears to duplicate that being withheld." *Davis*, 968 F.2d at 1279.

An agency can carry its burden on summary judgment of showing a justified claim of exemption by submitting affidavits that "(1) describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted by either contrary evidence in the record or by evidence of agency bad faith." *Kimberlin v. Dep't of Treasury*, 774 F.2d 204, 210 (7th Cir. 1985) (internal quotations omitted); *accord ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). The agency is entitled to a presumption of good faith which cannot be rebutted by mere speculation. *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see In re Wade*, 969 F.2d at 246. Courts must give substantial weight to an agency's affidavit. *ACLU v. CIA*, 710 F.3d 422, 427 (D.C. Cir. 2013) ("*ACLU*"). "Ultimately, an agency's justification for invoking a FOIA exemption . . . is sufficient if it appears 'logical' or 'plausible.'" *ACLU*, 710 F.3d at 427 (internal quotations omitted).

### IV. Parties' Positions

It is undisputed that in January 2018 Mabie submitted a FOIA request to the USMS, which received it on February 16, 2018. The USMS has submitted the declaration of Katherine A. Day, a USMS FOIA/Privacy Act officer, setting forth the agency's search for records responsive to Mabie's request (Doc. 46-1). Day states she first contacted the USMS Judicial Security Division, the division of the USMS responsible for ensuring the safety and security of

the federal judiciary and other individuals involved in the judicial process. That division informed Day that the USMS for each judicial district independently contracts for the security of judicial security operations within that district. Day then went to the USMS in the Southern District of Illinois, in which the ESL Courthouse operates. That led her back to the Judicial Security Division and Eric W. Johnson, the specific USMS Judicial Security Division employee responsible for maintaining the electronic security systems in the ESL Courthouse.

Johnson has also submitted a declaration describing his actions (Doc. 46-2). He states he searched the contract files of the USMS Judicial Security Division, where he thought responsive records would most likely be found, but was unable to locate any responsive records. He then contacted Johnson Controls, the company currently under contract to maintain the video surveillance system in the ESL Courthouse. Johnson Controls had records of the current video surveillance system but did not have the name or the installation notes of the subcontractor who had installed it. It noted the system had been updated it in 2009. Johnson Controls gave Johnson the make and model of the current video surveillance and recording system and the data sheets showing its specifications. Johnson passed those records on to Day, who passed them on to Mabie after redacting them to remove information exempt under Exemption 7(E) and 7(F). She also informed Mabie that the system was updated in 2009. Mabie received 23 pages of responsive material with redactions.

The USMS seeks summary judgment now on the basis that it has established it conducted an adequate search for responsive records. It further argues that it produced all responsive records it found, with redactions that were justified by the danger of disclosing security system information that could be used to circumvent that system.

Mabie does not dispute that the redactions were justified under the asserted FOIA

7

exemptions, although he suggests the USMS has waived their assertion because the believes he documents they produced are available publicly from the manufacturer of the video surveillance system. Instead, he contends that the information concerning the operation of the video surveillance system that has been produced through Day is inconsistent with information in an affidavit from Jeff Larson, another USMS employee, that was submitted in another case Mabie is pursuing, a motion to vacate his sentence under 28 U.S.C. § 2255. *See* 18-cv-1396-RHM. He suggests these inconsistencies prove that, in other litigation, USMS representatives were not telling the truth when they said they were unable to locate video footage taken by the video surveillance system at the specific time that is of concern to Mabie.[1] He also suggests the search conducted in response to his FOIA request was not adequate because it failed to locate security clearance documentation on the video surveillance system installer, which would reveal the installer's name, and because in Mabie's other case, a USMS deputy testified that the USMS called the installer on the date in question, so the USMS must know who it was. Mabie further asks the Court to award him his costs for conducting this litigation.

**V.     Analysis**

The two key questions raised in the summary judgment motions are whether the USMS conducted an adequate search and whether it waived its right to assert otherwise justifiable exemptions to disclosure.

    A.     <u>Adequate Search</u>

As noted above, an agency must conduct a good faith search that is reasonably calculated

---

[1] Mabie is interested in the video footage of an altercation in the USMS lock-up in the ESL Courthouse that served as the basis for one of his criminal convictions in this district. The USMS has represented that there is no footage because the video surveillance system malfunctioned at that tune.

8

to uncover all relevant documents. It must search its record systems where responsive information is likely to be located, *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), using "methods which can be reasonably expected to produce the information requested," *Rubman v. U.S. Cit. & Imm. Servs.*, 800 F.3d 381, 387 (7th Cir. 2015) (internal quotations omitted). Good faith is presumed, but the presumption of good faith can be overcome by countervailing evidence that raises substantial doubt that the search was adequate. *Rubman*, 800 F.3d at 387; *see Carney v. U.S. DOJ*, 19 F.3d 807, 813 (2d Cir. 1994) (bare allegations and speculation insufficient to overcome presumption). Countervailing evidence can include "positive indications of overlooked materials" in response to well-defined requests. *Founding Church of Scientology v. Nat'l Sec. Agency,* 610 F.2d 824, 837 (D.C. Cir. 1979). Importantly, "[t]he issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *In re Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992) (emphasis in original); *accord Rubman*, 800 F.3d at 387.

The Court is satisfied from Day's and Johnson's explanations that the search conducted was a good faith search reasonably calculated to uncover all responsive documents. Day looked to the division within the USMS in charge of judicial security, which ultimately led to Johnson. Johnson looked where a contract with an installer (or any other judicial security contractor) should be, but found nothing about video surveillance systems at the ESL Courthouse. In the absence of any contract in the USMS's contract files, Johnson reached out to the current service provider for more information. Searching outside the agency was not required by FOIA, so such a pursuit is evidence supporting the USMS's good faith in looking for responsive records. Johnson Controls, who was not the installer of the video surveillance system, was unable to locate documents identifying the installer (a subcontractor of a

9

predecessor corporation) but was able to locate documents about the system itself. Mabie was provided those documents in redacted form.

Mabie's speculation that the search must have been inadequate because responsive records may exist somewhere—such as, for example, records of security clearances for workers on the project—does not convince the Court that the USMS's search was not in good faith. That there may exist somewhere some security clearance information about an individual worker who worked on the installation does not mean that the search conducted was inadequate. A search of contracts was reasonably calculated to locate information about a company who contracted with the USMS to install a security system in the ESL Courthouse.

That a USMS deputy marshal may have known the identity of the system's installer does not necessarily mean there is a producible record reflecting that knowledge. FOIA is not an opportunity to depose or cross-examine; it is a vehicle for obtaining government records, *see* 5 U.S.C.A. § 552(a)(3)(A), and if there are no records, there is nothing to produce.[2] Neither of these circumstances is sufficient to raise a substantial doubt that the USMS's search was adequate and in good faith.

B. <u>Waiver</u>

Mabie contends that the USMS waived the right to assert FOIA exemptions with respect to redacted information about the video surveillance system. He notes that such information is available to the public from the sales brochures of the surveillance system's manufacturer. The USMS counters that it has not made any official disclosure of the redacted information.

---

[2] Interestingly, Mabie had an opportunity to cross-examine the USMS deputy who testified that the installer was contacted immediately after the equipment malfunction was discovered, but he failed to ask that question. *See* 4/3/15 Disposition Tr. 8, 10-11 (Doc. 251; Case No. 14-cr-40036-MJR).

There is no indication that the USMS has made any official disclosure of the information it redacted from the pages it disclosed, although the system's manufacturer may have. This does not amount to an official acknowledgement of the information. Nor has Mabie made any showing that the redacted information is, in fact, in the public domain, that is, that the specifications for the specific surveillance system used in the ESL Courthouse is publicly known and available. In the absence of such evidence, the Court cannot find that the USMS waived its right to assert the otherwise valid FOIA exemptions.

For the foregoing reasons, the Court finds the USMS is entitled to summary judgment.

C. Costs

FOIA provides that Court *may* assess costs against the United States *if* the plaintiff *substantially prevails* in the action. *See* 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added). A plaintiff may substantially prevail, and thus be eligible for a fee or cost award, either by a judicial order, an enforceable written agreement, a consent decree or a voluntary or unilateral change in the agency's position if the plaintiff's claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii).

Mabie has not obtained any of aforementioned relief indicating he has substantially prevailed in this litigation. Consequently, he is not eligible for an award of costs, as he requests in his summary judgment motion.

## VI. Conclusion

In sum, the USMS has established it conducted a good faith search for records in response to Mabie's request, it justifiably redacted those records under FOIA exemptions, and it did not waive the right to assert such exemptions. For this reason, the Court:

- **DENIES** Mabie's motion for summary judgment (Doc. 44);

- **GRANTS** the USMS's motion for summary judgment (Doc. 46); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 12, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**